**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andes Industries, Inc., and PCT International, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> EZconn Corporation and eGtran Corporation, <br><br> Defendants. | No. CV-15-01810-PHX-NVW <br><br> **ORDER** |

Before the Court is eGtran Corporation's Motion for an Award of Attorneys' Fees (Doc. 46). This Motion seeks an award based on attorney fees invoiced to eGtran Corporation during September 2013 through March 2016 by its counsel Ruttenberg IP Law, PC, in CV-14-00400-APG-GWF, which was transferred to this Court as CV-15-02549-PHX-NVW, and related involvement in other cases. It does not seek reimbursement for any of the attorney fees invoiced to EZconn Corporation during January 2016 through October 2017 by its counsel Hagens Berman Sobol Shapiro LLC in CV-15-01810-PHX-NVW and CV-15-02549-PHX-NVW, which are the subject of a separate fee application (Doc. 42) and order.

**I.  BACKGROUND**

Andes Industries, Inc., owns PCT International, Inc., which develops, manufactures, and sells products for broadband telecommunications networks. Andes

and PCT are Nevada corporations and have their principal place of business in Mesa, Arizona. eGtran Corporation is a British Virgin Islands corporation with its principal place of business in Taiwan. EZconn Corporation is a Taiwanese corporation with places of business in Taiwan and the People's Republic of China. At relevant times, eGtran Corporation held an ownership interest in EZconn and owned 100 percent of Gtran, Inc., which has its corporate headquarters in California. For a number of years, EZconn manufactured broadband telecommunications products for PCT and also for its competitor Holland Electronics, LLC.

On August 21, 2012, PCT sued Holland Electronics for patent infringement in the United States District Court for the District of Arizona (CV-12-01797-PHX-JAT). On June 6, 2013, upon stipulation of the parties, a protective order was issued restricting disclosure of designated confidential information. On June 17, 2013, PCT issued a subpoena duces tecum to "eGtran, Inc.," at a California address (not eGtran Corporation in the British Virgin Islands or Gtran, Inc., at the California address). On September 3, 2013, eGtran Corporation engaged Ruttenberg IP Law to respond to the subpoena.

On October 4, 2013, PCT moved to enforce the subpoena in the United States District Court for the Central District of California (CV-13-07374-JFW-CW). As explained in more detail below, Gtran, Inc. (the company to which the subpoena was delivered) opposed PCT's motion, and the extended proceedings continued until the action was dismissed as moot on September 4, 2015.

On March 18, 2014, Andes and PCT sued eGtran Corporation, EZconn, Cheng-Sun Lan, Polar Star Management Ltd., Chi-Jen (Dennis) Lan, and Kun-Te Yang in the United States District Court for the District of Nevada (CV-14-00400-APG-GWF). Andes and PCT pled twelve claims, alleging a conspiracy among all Defendants and seeking a judgment holding the Defendants jointly and severally liable. Among other things, Andes and PCT alleged that EZconn breached its contracts with PCT by disclosing PCT's confidential and proprietary information to Holland Electronics.

Ruttenberg IP Law began billing eGtran Corporation for legal services related to CV-14-00400-APG-GWF on March 18, 2014.

On April 2, 2014, in the Holland Electronics patent infringement case (CV-12-01797-PHX-JAT), PCT moved to modify the protective order to permit PCT to use Holland Electronics' confidential documents against eGtran Corporation, EZconn, and the other defendants in the Nevada case (CV-14-00400-APG-GWF). Holland Electronics opposed PCT's motion. Although eGtran Corporation and EZconn were not parties in CV-12-01797-PHX-JAT, they filed a response in opposition to PCT's motion without seeking leave to intervene under Rule 24 of the Federal Rules of Civil Procedure. On June 4, 2014, the court struck eGtran Corporation and EZconn's response for failure to comply with Rule 24. The court denied PCT's motion to modify the protective order because Holland Electronics had a strong reliance interest in the documents remaining confidential and because modifying the protective order would not avoid a substantial amount of duplicative discovery.

Ruttenberg IP Law began billing eGtran Corporation for services related to the protective order in the Holland Electronics case (CV-12-01797-PHX-JAT) on April 1, 2014. On August 14, 2014, eGtran Corporation executed an agreement with Ruttenberg IP Law for representation in the Nevada case and to oppose modification of the protective order in the Holland Electronics case.

On August 25, 2014, eGtran Corporation moved to dismiss Andes and PCT's claims in the Nevada case (CV-14-00400-APG-GWF). On December 11, 2014, eGtran Corporation, EZconn, Cheng-Sun Lan, Polar Star Management Ltd., Chi-Jen (Dennis) Lan, and Kun-Te Yang executed an engagement agreement with Ruttenberg IP Law for representation in the Nevada case. On January 12, 2015, EZconn moved to dismiss Andes and PCT's claims in the Nevada case. On March 25, 2015, the Nevada district court dismissed Andes and PCT's claims against EZconn and eGtran Corporation for lack of personal jurisdiction. On September 25, 2015, EZconn and eGtran Corporation moved

for entry of final judgment. On November 30, 2015, final judgment in favor of EZconn and eGtran Corporation was entered due to lack of personal jurisdiction.

On September 10, 2015, Andes and PCT sued EZconn and eGtran Corporation in this court (CV-15-01810-PHX-NVW), alleging the same twelve claims that the Nevada district court had dismissed for lack of personal jurisdiction. On December 14, 2015, the Nevada district court granted Andes and PCT's motion to transfer the remainder of the case to the District of Arizona. On December 15, 2015, the remainder of CV-14-00400-APG-GWF was opened by this Court as CV-15-02549-PHX-NVW. In CV-15-02549-PHX-NVW, Ruttenberg IP Law represented only Polar Star Management Ltd. and Cheng-Sun Lan.

On December 14, 2015, eGtran Corporation filed a motion for attorney fees in the District of Nevada, seeking a total award of $264,283.78.[1] The Nevada district court retained jurisdiction to decide the fee motion. On February 22, 2016, the Nevada district court ordered that eGtran Corporation was entitled to recover only reasonable fees and costs incurred in connection with its motion to dismiss for lack of jurisdiction because the parties' dispute was still to be litigated in Arizona, and it was inappropriate to presume that defendants would prevail in the entire litigation. The court concluded that recovery of fees for services related to issues other than jurisdiction should be addressed by the judge who addresses those claims. On February 28, 2016, eGtran Corporation terminated its engagement of Ruttenberg IP Law.

On March 2, 2016, Ruttenberg IP Law withdrew as counsel for Cheng-Sun Lan and Polar Star Management Ltd. in CV-15-02549-PHX-NVW. On March 4, 2016, Ruttenberg IP Law withdrew as counsel in the Nevada case (CV-14-00400-APG-GWF). On March 7, 2016, through its local counsel, eGtran Corporation supplemented its fee request in the Nevada case to seek $204,495.55 for the five motions the court had

---

[1] The motion was labeled as filed by eGtran Corporation and EZconn, but the fee award was sought by eGtran Corporation for fees invoiced to eGtran Corporation by Ruttenberg IP Law.

- 4 -

identified as related to jurisdictional issues. In addition, eGtran Corporation's supplement requested $54,575.00 for fees incurred in preparation of the fee motion.

On April 4, 2016, the Nevada district court found that eGtran Corporation's amended request for $259,070.60 in fees and $9,924.93 in costs was "grossly excessive." Although the April 4, 2016 order did not explicitly rule on the $54,575.00 requested for fees (plus $1,656.54 for non-taxable costs) incurred in preparation of the fee motion, the order includes the $54,575.00 in its total of the amount eGtran Corporation sought. Further, in a paragraph beginning with "Defendants' fee request is not reasonable," the April 4, 2016 order states, "Defendants also seek over $56,000 in connection with their motion to recover fees and costs." The court did not take issue with the hourly rates charged by the lawyers, but found that the amounts of time spent on various motions and the amount of overall fees incurred were excessive. In addition, the court found that the attorney fee request impermissibly included time spent on ministerial or secretarial tasks. Therefore, the Nevada district court awarded eGtran Corporation a total of $50,000.00 in fees and costs related to the dismissal of claims against eGtran Corporation and EZconn for lack of jurisdiction.

On June 24, 2016, this Court dismissed with prejudice all claims by Andes and PCT against eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan and all claims by Andes and PCT against EZconn except for the claims for breach of contract and breach of the implied duty of good faith and fair dealing. On September 14, 2017, the Court granted summary judgment in EZconn's favor, and judgment was entered. On September 28, 2017, judgment was entered in favor of eGtran Corporation and against Andes and PCT. The judgments awarded EZconn and eGtran Corporation all of the relief they sought.

eGtran Corporation seeks award of attorney fees under A.R.S. § 12-341.01(A) in the amount of $342,937.38, which has been paid in full to Ruttenberg IP Law by eGtran Corporation, for four categories of legal services:

- 5 -

(1) responding to PCT's subpoena in CV-12-01797-PHX-JAT and opposing enforcement of that subpoena in CV-13-07374-JFW-CW ($136,457.00);

(2) defending eGtran Corporation, EZconn, Polar Star Management Ltd., Kun-Te Yang, Chi-Jen (Dennis) Lan, and Cheng-Sun Lan in CV-14-00400-APG-GWF ($140,461.55)[2];

(3) opposing PCT's motion in CV-12-01797-PHX-JAT to modify the protective order so that PCT could use Holland confidential documents in CV-14-00400-APG-GWF ($37,105.83); and

(4) defending Cheng-Sun Lan and Polar Star Management Ltd. in CV-15-02549-PHX-NVW for the period January 5, 2016, through February 9, 2016 ($28,913.00)[3].

## II. ANALYSIS

### A. A.R.S. § 12-341.01(A) Permits Award of Attorney Fees Related to All of Andes and PCT's Claims Against EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan in CV-14-00400-APG-GWF and CV-15-02549-PHX-NVW, but Not Fees Incurred in CV-13-07374-JFW-CW and CV-12-01797-PHX-JAT.

A.R.S. § 12-341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Under § 12-341.01(A), attorney fees may be awarded based upon facts that show a breach of contract, the breach of which may also constitute a tort. *Sparks v. Republic*

---

[2] When eGtran filed its fee motion on October 25, 2017, it was disputing and had not paid $81,022.06 in fees invoiced by Ruttenberg IP Law for services provided related to CV-14-00400-APG-GWF. After participating in a fee dispute arbitration, on March 19, 2018, eGtran Corporation paid Ruttenberg IP Law all of the disputed fees. However, the total of $140,461.55 requested related to CV-14-00400-APG-GWF includes $54,575.00 for fees incurred preparing the fee motion submitted to the Nevada district court, which the Nevada district court denied.

[3] Although eGtran Corporation disputed $29,976.88 of the amount that Ruttenberg IP Law billed for services related to CV-15-02549-PHX-NVW, it paid the full amount on March 19, 2018.

*Nat. Life Ins. Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982). Intertwining of contract and tort legal theories does not preclude a fee award if the cause of action in tort could not exist but for the breach of contract. *Id.*; *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13, 6 P.3d 315, 318 (Ct. App. 2000). "[W]hen two claims are so intertwined as to be indistinguishable, a court has discretion to award attorney fees under § 12–341.01 even though the fees attributable to one of the causes of action would not be recoverable under this statute." *Zeagler v. Buckley*, 223 Ariz. 37, 39, 219 P.3d 247, 249 (Ct. App. 2009). "Moreover, when, as here, claims are so interrelated that identical or substantially overlapping discovery would occur, there is no sound reason to deny recovery of such legal fees." *Id.*

### 1. Opposing PCT's Subpoena in CV-12-01797-PHX-JAT and CV-13-07374-JFW-CW

eGtran Corporation seeks to recover $136,457.00 for fees incurred from August 1, 2013, through August 4, 2015, related to responding to PCT's subpoena in the Holland Electronics case (CV-12-01797-PHX-JAT) and opposing enforcement of that subpoena in CV-13-07374-JFW-CW. PCT sought production of communications between Holland Electronics and EZconn and information regarding ownership interests in eGtran Corporation. eGtran Corporation's opposition to the subpoena in the Holland Electronics patent infringement case is indirectly related to defending against PCT's claims in the Nevada case, which is a contested action arising out of contract for which eGtran Corporation is a successful party. However, eGtran Corporation did not succeed in opposing PCT's subpoena, and for additional reasons explained below, the Court will not award eGtran Corporation fees related to opposing PCT's subpoena.

On June 17, 2013, PCT delivered to Gtran, Inc., a subpoena duces tecum addressed to eGtran, Inc. On September 3, 2013, eGtran Corporation engaged Ruttenberg IP Law to represent eGtran Corporation in connection with responding to

subpoena in CV-12-01797-PHX-JAT.[4]  On October 4, 2013, PCT moved to enforce the subpoena of eGtran, Inc., in the Central District of California.

On November 12, 2013, Gtran, Inc., filed its opposition to the motion to enforce as a "non-party." Gtran, Inc., stated that the motion and subpoena were addressed to "eGtran, Inc.," at a California address, there is a company called "Gtran, Inc." located at that address, and Gtran, Inc.'s parent company "eGtran Corporation" is located in the British Virgin Islands. Gtran further asserted that neither Gtran, Inc., nor eGtran Corporation was involved in PCT's patent infringement suit against Holland Electronics. Despite apparently improper service, the individual subpoenaed already had appeared for deposition as requested, but said he did not have the information sought because it involved EZconn.

On January 6, 2014, the California district court granted PCT's motion for enforcement of subpoena in part, determining that further document production by eGtran Corporation and Gtran, Inc., would be proper. The parties were unable to agree on a proposed order. On January 31, 2014, PCT filed a proposed order, to which "non-party Gtran, Inc.," filed objections, which were construed as a motion for reconsideration. On March 31, 2014, the court ordered Gtran, Inc., and eGtran Corporation to produce documents by April 4, 2014, sufficient to identify the interest, if any, that Cheng-Sun Lan, Kun-Te Yang, and Charlie Wong held or had held in eGtran Corporation since June 28, 2013. The order also required that by April 4, 2014, eGtran Corporation and Gtran, Inc., permit an independent information technology vendor to search a certain "@egtran.com" email account for a certain period applying certain search terms. The order prescribed specific procedures to be used. The March 31, 2014 order required PCT to pay all costs of the independent vendor and to "pay eGtran and Gtran's reasonable attorney's fees incurred in reviewing the ordered production, including any necessary

---

[4] Ruttenberg IP Law billed eGtran Corporation for services provided on behalf of Gtran, Inc., which has never been a party to any of the cases relevant here and was not named in any of the engagement agreements with Ruttenberg IP Law.

fees for time spent coordinating set-up and review/processing of the documents." The March 31, 2014 order stated that the motion for reconsideration would be addressed in a separate order.

On April 2, 2014, Gtran, Inc., filed a Notice of Recent Developments to inform the California district court of new evidence that PCT sought the email discovery from eGtran Corporation and Gtran, Inc., not because the discovery was relevant to the Holland Electronics patent infringement case in Arizona, but rather "to conjure up new claims and theories against EZconn and eGtran" to be used in its newly filed action in Nevada. Gtran, Inc., explained that PCT had not yet served any of the defendants in the Nevada action and no discovery was pending or available in the Nevada action. Yet, PCT already was seeking to modify the protective order in the Holland Electronics case so that it could use confidential documents produced by Holland Electronics against EZconn and eGtran Corporation in the Nevada action. Gtran, Inc., urged the California court not to allow improper use of the subpoena process by PCT. On April 8, 2014, PCT responded. On September 16, 2014, the court heard argument on Gtran, Inc.'s motion for reconsideration.

On March 17, 2015, the California district court modified its prior ruling to clarify that the required email search and production was limited to "@egtran.com" accounts of custodians who were officers, directors, or employees of Gtran, Inc., eGtran Corporation, or EZconn during the time when EZconn was wholly owned by eGtran Corporation. The court found that during the period of 2006 through 2012, EZconn was wholly owned by eGtran Corporation and that Gtran, Inc., eGtran Corporation, and EZconn shared a chief executive officer. The court further found it was neither unreasonable nor unduly burdensome to compel production by eGtran Corporation and Gtran, Inc., of emails residing on eGtran Corporation's own email network in accounts provided by eGtran Corporation for use by employees of a closely related business entity.

On March 30, 2015, Gtran, Inc., sought review of the magistrate judge's rulings by the district judge. Among other things, Gtran, Inc., asserted that it and eGtran Corporation had done everything they could do, but they were unable to obtain any passwords for the relevant email accounts. On April 28, 2015, the district judge denied the motion for review of the magistrate judge's March 17, 2015 ruling.

On May 28, 2015, Gtran, Inc., and eGtran Corporation appealed to the United States Court of Appeals for the Federal Circuit from the California district court's April 28, 2015 order. While the appeal was pending, a jury reached a verdict favorable to PCT in the Holland Electronics case in Arizona (CV-12-01797-PHX-JAT), and PCT indicated to eGtran Corporation that it would not seek any further action related to the subpoena. Upon unopposed motion by eGtran Corporation and Gtran, Inc., the Federal Circuit vacated the March 17, 2015 and April 28, 2015 orders and directed the district court to dismiss the case as moot. The Federal Circuit ordered: "Each side shall bear its own costs." On September 3, 2015, the Federal Circuit's mandate issued, and on September 4, 2015, the California district court dismissed the action as moot. eGtran Corporation did not seek award of attorney fees by the district court.

eGtran Corporation is not entitled to attorney fees under A.R.S. § 12-341.01(A) because it is not a successful party in the proceedings related to opposing PCT's subpoena. It complied with the subpoena for the most part, it did not prevail on the merits, and its partial "success" was achieved only by extending proceedings until the case was moot. Opposing PCT's subpoena made no contribution to eGtran Corporation's successful defense in the Nevada case or in the Arizona cases.

Further, although eGtran Corporation is the entity seeking a fee award, and it is the entity that engaged Ruttenberg IP Law, most of the legal services were provided for Gtran, Inc. There is no evidence of an engagement agreement between Gtran, Inc., and Ruttenberg IP Law. Nevertheless, the California district court's March 31, 2014 order provided that "PCT shall pay eGtran and Gtran's reasonable attorney's fees incurred in

reviewing the ordered production, including any necessary fees for time spent coordinating set-up and review/processing of the documents," and apparently eGtran Corporation did not file an application for attorney fees with that court. Moreover, eGtran's fee request includes approximately $8,000.00 for fees related to its appeal, and the Federal Circuit expressly ordered that parties were to bear their own costs.

Finally, of the $136,457.00 requested by eGtran Corporation, $45,000.00 was billed by Ruttenberg IP Law as flat fees. For the period of August 1, 2013, through December 31, 2013, $5,000.00 was charged for "professional services rendered for initial negotiations, case study and analysis," and $25,000.00 was charged for "Opposition to Motion to Compel and ongoing negotiations." On January 31, 2014, $15,000.00 was charged for "attending two hearings and preparing for the same, as well as three filings with the Court and ongoing negotiations." Even if eGtran Corporation were considered to be a "successful party," without itemizing legal services provided, the number of hours billed for each, and hourly billing rates, eGtran Corporation provided insufficient information upon which the Court could determine the reasonableness of the fee request.

Therefore, the Court will not award eGtran Corporation any attorney fees incurred responding to PCT's subpoena in CV-12-01797-PHX-JAT and opposing enforcement of that subpoena in CV-13-07374-JFW-CW.

### 2. Opposing PCT's Motion to Modify the Protective Order in CV-12-01797-PHX-JAT

eGtran Corporation seeks to recover $37,105.83 for fees incurred from April 1, 2014, through January 6, 2015, opposing PCT's motion in the Holland Electronics case (CV-12-01797-PHX-JAT) to modify a protective order so that PCT could use Holland Electronics' confidential documents against eGtran Corporation and EZconn in CV-14-00400-APG-GWF.

On April 2, 2014, PCT moved to modify the protective order. On April 21, 2014, Holland Electronics filed an opposition to PCT's motion, and eGtran Corporation and

EZconn also filed a response in opposition as "non-parties." On June 4, 2014, the court struck eGtran Corporation and EZconn's response in opposition filed as "non-parties" because they had not moved to intervene under Rule 24 of the Federal Rules of Civil Procedure. The court denied PCT's motion because Holland Electronics had a strong reliance interest in the documents remaining confidential and because PCT failed to show that the documents at issue were sufficiently relevant to PCT's lawsuit against eGtran Corporation and EZconn such that permitting their discovery would avoid a substantial amount of duplicative discovery. eGtran Corporation and EZconn's opposition was unnecessary, ineffective, and in violation of court rules. It made no contribution to eGtran Corporation's successful defense in the Nevada case or in the Arizona cases. eGtran Corporation was not a successful party in CV-12-01797-PHX-JAT or a successful party on PCT's motion to modify the protective order. Therefore, eGtran Corporation will not be awarded attorney fees under A.R.S. § 12-241.01(A).

### 3. CV-14-00400-APG-GWF and CV-15-02549-PHX-NVW

In CV-14-00400-APG-GWF, CV-15-01810-PHX-NVW, and CV-15-02549-PHX-NVW, Andes and PCT pled the following twelve claims against eGtran Corporation, EZconn, Cheng-Sun Lan, Polar Star Management Ltd., Chi-Jen (Dennis) Lan, and Kun-Te Yang: breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, usurpation of corporation opportunities, breach of contract, tortious interference with contract, tortious interference with prospective economic advantage, fraud, constructive fraud, breach of the implied duty of good faith and fair dealing, unfair competition, unjust enrichment, and civil conspiracy.

Andes and PCT alleged that Cheng-Sun Lan, Chi-Jen (Dennis) Lan, Kun-Te Yang, Polar Star Management Ltd., EZconn, and eGtran Corporation misappropriated PCT's confidential proprietary information and abused the fiduciary duty arising from their special, confidential relationship with PCT. Andes and PCT alleged that eGtran Corporation directed and controlled operations of EZconn, the corporate dealings of

eGtran Corporation and EZconn were intermingled, and Cheng-Sun Lan directed and controlled all EZconn and eGtran Corporation business operations related to PCT. Andes and PCT alleged that EZconn and eGtran Corporation were alter egos of Cheng-Sun Lan and that all of the Defendants acted in concert under Cheng-Sun Lan's control. Andes and PCT alleged that, relying on representations by Cheng-Sun Lan and others at EZconn, PCT engaged EZconn as its contract manufacturer and provided EZconn with confidential proprietary information pursuant to a contractual agreement. Andes and PCT alleged that the written purchase orders by which PCT contracted for the manufacture of specific products contained detailed Terms and Conditions by which the parties agreed to broad protections of PCT's confidential proprietary information. Andes and PCT alleged that EZconn and eGtran Corporation, under the control of Cheng-Sun Lan and his affiliates, disclosed PCT's confidential proprietary information in violation of the contractual Terms and Conditions. Andes and PCT alleged that EZconn breached its obligations under contracts with PCT and that eGtran Corporation and Cheng-Sun Lan tortiously interfered with PCT's contractual rights. Andes and PCT alleged that each of the Defendants breached fiduciary duties owed to PCT, aided and abetted a breach of fiduciary duty, usurped PCT's corporate opportunities, tortiously interfered with PCT's prospective contractual relationships, committed constructive fraud, breached the implied duty of good faith and fair dealing owed as a party to a contract with PCT, violated common law prohibiting unfair competition, received unjust enrichment, and conspired and acted in concert to commit the alleged wrongful and illegal conduct.

All of the claims pled by Andes and PCT were intertwined, arose out of the contractual relationship between PCT and EZconn, and were so interrelated that identical or substantially overlapping legal services were required. Further, Andes and PCT's pleadings sought a judgment holding all of the Defendants jointly and severally liable for all damages sustained by Andes and PCT.

On December 11, 2014, EZconn, eGtran Corporation, Cheng-Sun Lan, Polar Star Management Ltd., Kun-Te Yang, and Chi-Jen (Dennis) Lan engaged the law firm Ruttenberg IP Law to represent them in CV-14-00400-APG-GWF. Under the engagement agreement, eGtran Corporation agreed to pay for services performed on behalf of EZconn, eGtran Corporation, Cheng-Sun Lan, Polar Star Management Ltd., Kun-Te Yang, and Chi-Jen (Dennis) Lan. After the case against Polar Star Management Ltd., Cheng-Sun Lan, Kun-Te Yang, and Chi-Jen (Dennis) Lan was transferred to this Court, Ruttenberg IP Law continued to represent Polar Star Management Ltd. and Cheng-Sun Lan through February 9, 2016.

Under A.R.S. § 12-341.01(A), a prevailing party may recover a reasonable attorney's fee "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest" in the action. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (Ct. App. 1983). It was reasonable and prudent for eGtran Corporation to pay for the legal expenses of EZconn, Polar Star Management Ltd., and Cheng-Sun Lan where joint and several liability was pled, and many legal issues were common to all Defendants.

CV-14-00400-APG-GWF and CV-15-02549-PHX-NVW were contested actions arising out of contracts between PCT and EZconn, and all Defendants prevailed against all of Andes and PCT's claims. Therefore, under A.R.S. § 12-341.01(A), the Court has discretion to award reasonable attorney fees to eGtran Corporation that were incurred in defense of all of the claims pled by Andes and PCT against EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan in CV-14-00400-APG-GWF and CV-15-02549-PHX-NVW.

**B. Factors Considered Under A.R.S. § 12-341.01(A) Favor the Discretionary Award of Attorney Fees for CV-14-00400-APG-GWF and CV-15-02549-PHX-NVW.**

An award of fees under § 12-341.01 is discretionary. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007). The statute does not establish a presumption that attorney fees be awarded in contract actions. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985). In determining whether to award attorney fees under § 12-341.01, trial courts may consider the following non-exclusive factors pertinent to discretion: the merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction. *Id.* at 570, 694 P.2d at 1184.

In their opposition to eGtran Corporation's fee request, Andes and PCT do not dispute that the *Associated Indemnity* factors favor award of attorney fees here. EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan were entirely successful in this litigation. Andes and PCT's claims lacked merit; most were dismissed with prejudice for failure to state a claim. Because Andes and PCT's claims were not tenable, it is unlikely that a fee award would have a chilling effect on other parties with tenable claims.

**C. The Requested Amounts of Attorney Fees for Services Provided Related to CV-14-00400-APG-GWF and CV-15-02549-PHX-NVW Are Reasonable.**

"The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).

"Once a litigant establishes entitlement to a fee award, the touchstone under § 12-341.01 is the reasonableness of the fees." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 222, 273 P.3d 668, 674 (Ct. App. 2012).

To determine reasonable attorney's fees in commercial litigation, courts begin by determining the actual billing rate that the lawyer charged in the particular matter. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). "[I]n corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Id.* at 187-88, 673 P.2d at 931-32. If persuaded that the contracted hourly rates are unreasonable, courts may use a lesser rate. *Id.* at 188, 673 P.2d at 931. Andes and PCT do not dispute the reasonableness of the hourly rates agreed to and paid by eGtran Corporation.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5. In addition, Local Rules require consideration of whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions.

LRCiv 54.2(c). Andes and PCT do not dispute eGtran Corporation's assertion that these factors weigh in favor of finding the amount of eGtran Corporation's fee request to be reasonable.

CV-14-00400-APG-GWF. eGtran Corporation seeks $140,461.55 for fees related to CV-14-00400-APG-GWF. Although eGtran Corporation initially disputed and refused to pay some of the fees invoiced by Ruttenberg IP Law related to CV-14-00400-APG-GWF, it now has paid those fees in full.

eGtran Corporation contends that the Nevada district court did not rule on its supplemental request for $54,575.00 for preparation of the fees motion (plus $1,656.54 for non-taxable costs) and therefore has included that amount in the $140,461.55. As explained above, the April 4, 2016 order included reference to eGtran Corporation's request for "over $56,000 in connection with their motion to recover fees and costs" in a paragraph finding the fee request to be unreasonable. The April 4, 2016 order awarded a total of $50,000 in fees and costs for a request of nearly $270,000, plainly rejecting or reducing the amount of fees to be awarded for preparation of the fee motion.

Considering all of the factors weighing in favor of a fee award, the Court will exercise its discretion to award eGtran Corporation $85,886.55 related to CV-14-00400-APG-GWF.

CV-15-02549-PHX-NVW. eGtran Corporation seeks $28,913.00 for fees related to CV-15-02549-PHX-NVW. Although eGtran Corporation initially disputed and refused to pay all of the fees invoiced by Ruttenberg IP Law related to CV-15-02549-PHX-NVW, it now has paid those fees in full. Considering all of the factors weighing in favor of a fee award, the Court will exercise its discretion to award eGtran Corporation $28,913.00 for fees related to CV-15-02549-PHX-NVW.

IT IS THEREFORE ORDERED that eGtran Corporation's Motion for an Award of Attorneys' Fees (Doc. 46) is granted in part.

IT IS FURTHER ORDERED directing the Clerk to enter judgment in favor of Defendant eGtran Corporation and against Plaintiffs Andes Industries, Inc., and PCT International, Inc., in the amount of $114,799.55 for attorney fees, plus post-judgment interest at the federal rate of 2.09% from the date of this judgment until paid.

Dated this 5th day of April, 2018.

_____
Neil V. Wake
Senior United States District Judge