**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andes Industries, Inc., and PCT International, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> EZconn Corporation and eGtran Corporation, <br><br> Defendants. | No. CV-15-01810-PHX-NVW <br><br> **ORDER** |

Before the Court is EZconn Corporation's Motion for an Award of Attorneys' Fees (Doc. 42), PCT's opposition to the Motion (Doc. 43), EZconn's reply (Doc. 49), and EZconn's supplement to the Motion (Doc. 54).

The Motion and supplement seek an award based on attorney fees invoiced to EZconn for legal services provided on behalf of EZconn, eGtran Corporation, Cheng-Sun Lan, and Polar Star Management Ltd. during January 2016 through February 2018 by its counsel Hagens Berman Sobol Shapiro LLC related to CV-15-01810-PHX-NVW and CV-15-02549-PHX-NVW. EZconn does not seek reimbursement for any of the attorney fees invoiced to eGtran Corporation during September 2013 through March 2016 by its counsel Ruttenberg IP Law, PC, related to CV-14-00400-APG-GWF (transferred to this Court as CV-15-02549-PHX-NVW), which are the subject of a separate fee application (Doc. 46) and order.

## I. BACKGROUND

Andes Industries, Inc., owns PCT International, Inc., which develops, manufactures, and sells products for broadband telecommunications networks. Andes and PCT are Nevada corporations and have their principal place of business in Mesa, Arizona. eGtran Corporation is a British Virgin Islands corporation with its principal place of business in Taiwan. EZconn Corporation is a Taiwanese corporation with places of business in Taiwan and the People's Republic of China. At relevant times, eGtran Corporation held an ownership interest in EZconn. For a number of years, EZconn manufactured broadband telecommunications products for PCT and also for its competitor Holland Electronics, LLC.

On March 18, 2014, Andes and PCT sued EZconn, eGtran Corporation, Cheng-Sun Lan, Polar Star Management Ltd., Chi-Jen (Dennis) Lan, and Kun-Te Yang in the District of Nevada (CV-14-00400-APG-GWF). Andes and PCT pled twelve claims, alleging a conspiracy among all Defendants and seeking a judgment holding the Defendants jointly and severally liable. Among other things, Andes and PCT alleged that EZconn breached its contracts with PCT by disclosing PCT's confidential and proprietary information to Holland Electronics. On March 25, 2015, the Nevada district court dismissed Andes and PCT's claims against EZconn and eGtran Corporation for lack of personal jurisdiction.

On September 10, 2015, Andes and PCT sued EZconn and eGtran Corporation in this court (CV-15-01810-PHX-NVW), alleging the same twelve claims that the Nevada district court had dismissed for lack of personal jurisdiction. On December 14, 2015, upon motion by Andes and PCT, the Nevada district court transferred the remainder of CV-14-00400-APG-GWF to this Court, which was opened as CV-15-02549-PHX-NVW.

On June 24, 2016, the Court dismissed with prejudice all claims by Andes and PCT against eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan and all claims against EZconn except for claims of breach of contract and breach of the

implied duty of good faith and fair dealing. On July 22, 2016, Andes and PCT filed an appeal from the June 24, 2016 Order, noting that the appeal likely was premature because a final judgment had not been entered. On August 23, 2016, Andes and PCT filed a motion to resolve jurisdiction or, in the alternative, to stay the appeal. On October 18, 2016, the Ninth Circuit dismissed the appeal for lack of jurisdiction.

On September 14, 2017, the Court granted summary judgment in EZconn's favor on the claims of breach of contract and breach of the implied duty of good faith and fair dealing, and judgment was entered. On September 28, 2017, judgment was entered in favor of eGtran Corporation and against Andes and PCT. The judgments awarded EZconn and eGtran Corporation all of the relief they sought.

EZconn seeks award of attorney fees under A.R.S. § 12-341.01(A) in the total amount of $443,400.90, which were incurred defending itself, eGtran Corporation, Cheng-Sun Lan, and Polar Star Management Ltd. in CV-15-01810-PHX-NVW and CV-15-02549-PHX-NVW and defending appeal No. 16-16340 in the United States Court of Appeals for the Ninth Circuit. EZconn seeks to recover only fees that it was charged and has paid in full.

## II. ANALYSIS

### A. A.R.S. § 12-341.01(A) Permits Award of Attorney Fees Related to All of Andes and PCT's Claims Against EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan.

A.R.S. § 12-341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Under § 12-341.01(A), attorney fees may be awarded based upon facts that show a breach of contract, the breach of which may also constitute a tort. *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982). Intertwining of contract and tort legal theories does not preclude a fee award if the cause of action in tort could not exist but for the breach of contract. *Id.*; *Ramsey Air Meds, L.L.C. v. Cutter*

*Aviation, Inc.*, 198 Ariz. 10, 13, 6 P.3d 315, 318 (Ct. App. 2000). "[W]hen two claims are so intertwined as to be indistinguishable, a court has discretion to award attorney fees under § 12–341.01 even though the fees attributable to one of the causes of action would not be recoverable under this statute." *Zeagler v. Buckley*, 223 Ariz. 37, 39, 219 P.3d 247, 249 (Ct. App. 2009). "Moreover, when, as here, claims are so interrelated that identical or substantially overlapping discovery would occur, there is no sound reason to deny recovery of such legal fees." *Id.*

In CV-14-00400-APG-GWF, CV-15-01810-PHX-NVW, and CV-15-02549-PHX-NVW, Andes and PCT pled the following twelve claims against eGtran Corporation, EZconn, Cheng-Sun Lan, Polar Star Management Ltd., Chi-Jen (Dennis) Lan, and Kun-Te Yang: breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, usurpation of corporation opportunities, breach of contract, tortious interference with contract, tortious interference with prospective economic advantage, fraud, constructive fraud, breach of the implied duty of good faith and fair dealing, unfair competition, unjust enrichment, and civil conspiracy.

Andes and PCT alleged that Cheng-Sun Lan, Chi-Jen (Dennis) Lan, Kun-Te Yang, Polar Star Management Ltd., EZconn, and eGtran Corporation misappropriated PCT's confidential proprietary information and abused the fiduciary duty arising from their special, confidential relationship with PCT. Andes and PCT alleged that eGtran Corporation directed and controlled operations of EZconn, the corporate dealings of eGtran Corporation and EZconn were intermingled, and Cheng-Sun Lan directed and controlled all EZconn and eGtran Corporation business operations related to PCT. Andes and PCT alleged that EZconn and eGtran Corporation were alter egos of Cheng-Sun Lan and that all of the Defendants acted in concert under Cheng-Sun Lan's control. Andes and PCT alleged that, relying on representations by Cheng-Sun Lan and others at EZconn, PCT engaged EZconn as its contract manufacturer and, pursuant to a contractual agreement, provided EZconn with confidential proprietary information. Andes and PCT

alleged that the written purchase orders by which PCT contracted for the manufacture of specific products contained detailed Terms and Conditions by which the parties agreed to broad protections of PCT's confidential proprietary information. Andes and PCT alleged that EZconn and eGtran Corporation, under the control of Cheng-Sun Lan and his affiliates, disclosed PCT's confidential proprietary information in violation of the contractual Terms and Conditions. Andes and PCT alleged that EZconn breached its obligations under contracts with PCT and that eGtran Corporation and Cheng-Sun Lan tortiously interfered with PCT's contractual rights. Andes and PCT alleged that each of the Defendants breached fiduciary duties owed to PCT, aided and abetted a breach of fiduciary duty, usurped PCT's corporate opportunities, tortiously interfered with PCT's prospective contractual relationships, committed constructive fraud, breached the implied duty of good faith and fair dealing owed as a party to a contract with PCT, violated common law prohibiting unfair competition, received unjust enrichment, and conspired and acted in concert to commit the alleged wrongful and illegal conduct.

All of the claims pled by Andes and PCT were intertwined, arose out of the contractual relationship between PCT and EZconn, and were so interrelated that identical or substantially overlapping legal services were required. Further, Andes and PCT's pleadings sought a judgment holding all of the Defendants jointly and severally liable for all damages sustained by Andes and PCT.

In January 2016, EZconn, eGtran Corporation, Cheng-Sun Lan, and Polar Star Management Ltd. engaged the law firm Hagens Berman Sobol Shapiro LLC to represent them in CV-15-01810-PHX-NVW and CV-15-02549-PHX-NVW. Under the engagement agreement, EZconn agreed to pay for services performed on behalf of EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan. On June 24, 2016, all claims against eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan were dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure at the same time that most of the claims against EZconn were dismissed with

prejudice.[1] Under A.R.S. § 12-341.01(A), a prevailing party may recover a reasonable attorney's fee "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest" in the action. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (Ct. App. 1983). It was reasonable and prudent for EZconn to pay for the legal expenses of eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan where joint and several liability was pled, many legal issues were common to all Defendants, and it was likely that the only claims that would survive dismissal were the contract claims against EZconn.

Therefore, under A.R.S. § 12-341.01(A), the Court has discretion to award fees to EZconn that were incurred in defense of all of the claims pled by Andes and PCT against EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan. However, the Supplement to EZconn Corporation's Motion for Award of Attorneys' Fees includes $2,604.00 in fees incurred after judgment related to disputes between EZconn and PCT regarding EZconn patents (Doc. 54-3), which the Court finds to be insufficiently related to the claims for which EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan were the successful parties.

**B. Factors to Be Considered Under A.R.S. § 12-341.01(A) Favor the Discretionary Award of Attorney Fees.**

An award of fees under § 12-341.01 is discretionary. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007). The statute does not establish a presumption that attorney fees be awarded in contract actions. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985). In determining whether to award attorney fees under § 12-341.01, trial courts may consider the following

---

[1] EZconn's fee application does not seek fees incurred to defend Chi-Jen (Dennis) Lan or Kun-Te Yang, who had not been served before EZconn, eGtran Corporation, Cheng-Sun Lan, and Polar Star Management Ltd. filed Rule 12(b)(6) motions.

non-exclusive factors pertinent to discretion: the merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction. *Id.* at 570, 694 P.2d at 1184.

In their opposition to EZconn's fee request, Andes and PCT do not dispute that the *Associated Indemnity* factors favor award of attorney fees here. EZconn, eGtran Corporation, Polar Star Management Ltd., and Cheng-Sun Lan were entirely successful in this litigation. Andes and PCT's claims lacked merit; most were dismissed with prejudice for failure to state a claim. EZconn did not move to dismiss their breach of contract claim, but instead obtained summary judgment based on evidence showing undisputed facts. Because Andes and PCT's claims were not tenable, it is unlikely that a fee award would have a chilling effect on other parties with tenable claims.

**C.    The Requested Amount of Attorney Fees Is Reasonable.**

"The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B). "Once a litigant establishes entitlement to a fee award, the touchstone under § 12-341.01 is the reasonableness of the fees." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 222, 273 P.3d 668, 674 (Ct. App. 2012).

To determine reasonable attorney's fees in commercial litigation, courts begin by determining the actual billing rate that the lawyer charged in the particular matter. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). "[I]n corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar

work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Id.* at 187-88, 673 P.2d at 931-32. If persuaded that the contracted hourly rates are unreasonable, courts may use a lesser rate. *Id.* at 188, 673 P.2d at 931. Andes and PCT do not dispute the reasonableness of the hourly rates agreed to and paid by EZconn.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5. In addition, Local Rules require consideration of whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions. LRCiv 54.2(c).

EZconn submitted evidence regarding the foregoing factors that shows the amount of attorney fees requested is reasonable, which Andes and PCT do not dispute. Andes and PCT do not object to any specific time entries. In their opposition to EZconn's fee request, Andes and PCT implies that an award of $6,006.00 related to EZconn's defense of the appeal is unreasonable by stating, "In fact, the only filings by the appellees in that appeal were notices of appearance and the Ninth Circuit's form mediation statement." (Doc. 43 at 7.) The Court has reviewed each of EZconn's time entries related to the

appeal and concludes that the amounts of time spent reviewing court rules, researching appellate jurisdiction issues, communicating with the client and opposing counsel, preparing a motion to dismiss the appeal for lack of jurisdiction, preparing for and attending a medication assessment conference, reviewing the motion to resolve jurisdiction filed by Andes and PCT, and reviewing the Ninth Circuit's order of dismissal for lack of jurisdiction are reasonable.

Therefore, EZconn Corporation will be awarded the amount of fees it requested except for $2,604.00 incurred for services related to a patent dispute between EZconn and PCT.

IT IS THEREFORE ORDERED that EZconn Corporation's Motion for an Award of Attorneys' Fees (Doc. 42) is granted.

IT IS FURTHER ORDERED directing the Clerk to enter judgment in favor of Defendant EZconn Corporation and against Plaintiffs Andes Industries, Inc., and PCT International, Inc., in the amount of $440,796.90 for attorney fees, plus post-judgment interest at the federal rate of 2.09% from the date of this judgment until paid.

Dated this 5th day of April, 2018.

_____
Neil V. Wake
Senior United States District Judge